Filed 2/26/13  Bolgar v. Harris Properties CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PETER BOLGAR, | B240376 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC464010) |
| v. | |
| HARRIS PROPERTIES, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County. Michael L. Stern, Judge.  Affirmed.

_____

Peter Bolgar, in pro. per., for Plaintiff and Appellant.

Gaglione, Dolan & Kaplan and Jack M. LaPedis for Defendants and Respondents Harris Properties, Inc., Glen-Donald Condominiums, Inc., Diane Lortie-Dudasik and Martin Simard.

Hatton, Petrie & Stackler, Arthur R. Petrie II, and John A. McMahon for Defendant and Respondent Hatton, Petrie & Stackler.

_____

On June 21, 2011, Peter Bolgar filed suit in propria persona against Harris Properties, Inc., "Glen Donald Co. Op. Building, Inc.," "Diana L. Dodasic," "Martin Simath," and the law firm of Hatton, Petrie & Stackler APC (hereafter "Hatton").[1] On August 22, 2011, Bolgar filed a motion for entry of judgment by default against all defendants. Pursuant to Bolgar's designation of the record on appeal, the clerk's transcript does not contain an order ruling on the motion. The trial court's docket reflects that as of May 24, 2012, no default has ever been entered for any party.

On November 15, 2011, Bolgar filed a motion "to implement the rule and law for default against defendants," apparently seeking entry of default or default judgment. Pursuant to Bolgar's designation of the record on appeal, the clerk's transcript does not contain an order ruling on the motion.

On December 27, 2011, Bolgar filed a motion to vacate a court order that was purportedly entered on December 21, 2011. Pursuant to Bolgar's designation of the record on appeal, the clerk's transcript contains neither an order ruling on the motion nor the putative underlying order that he was seeking to vacate.

On April 4, 2012, the trial court entered a minute order denying Bolgar's motion to vacate an order that was purportedly entered on March 7, 2012. Pursuant to Bolgar's designation of the record on appeal, the clerk's transcript contains neither his motion nor the putative underlying order that he was seeking to vacate.

On April 4, 2012, Bolgar filed a notice of appeal from the "default judgment" entered on an unspecified date and apparently from some "other" order entered on an unspecified date, apparently relating in some manner to service of process. The trial court's docket reflects that on September 26, 2011, some defendant filed a motion to quash. Pursuant to Bolgar's designation of the record on appeal, the clerk's transcript contains neither the motion nor any order ruling on it.

---

[1]     We have placed quotation marks around the names of certain defendants because they claim that the names by which they are identified in the complaint are erroneous.

Pursuant to Government Code section 68081, we invited the parties to submit supplemental briefs addressing the issue of whether the appeal should be dismissed because it does not seek review of an appealable judgment or order.

Bolgar filed a supplemental brief with several attachments: (1) a declaration from an individual who claims to have served documents for Bolgar; (2) a notice of ruling that was filed on March 8, 2012; (3) a notice of ruling that was filed on April 4, 2012; (4) a vexatious litigant prefiling order that was entered against Bolgar on March 15, 2012; and (5) a judgment of dismissal with prejudice as to Hatton that was entered on May 15, 2012, to which is attached an order entered on March 15, 2012, granting Hatton's special motion to strike.[2]

The notice of appeal states that Bolgar is appealing from a default judgment, but the trial court's docket reflects that no default judgment has been entered against any party. Bolgar presents no argument to the contrary.

The notice of appeal also states that Bolgar is appealing from some "other" order entered on an unspecified date. The record on appeal, as augmented, contains two appealable orders that were entered before Bolgar filed his notice of appeal. An order granting a special motion to strike is appealable. (Code Civ. Proc., § 425.16, subd. (i).) A vexatious litigant prefiling order is an injunction. (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 85.) An order granting an injunction is appealable. (Code Civ. Proc., § 904.1, subd. (a)(6).)[3]

"The notice of appeal must be liberally construed." (Cal. Rules of Court, rule 8.100(a)(2).) Accordingly, we construe the notice of appeal as appealing from both (1) the vexatious litigant prefiling order entered against Bolgar on March 15, 2012,

---

[2]     On the court's own motion, we augment the record on appeal to include the documents referenced as (2) through (5) above, which were attached to the supplemental brief filed by Bolgar on January 30, 2012. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

[3]     We note, however, that there appears to be a split of authority on the appealabiltiy of prefiling orders. (See *Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635.)

3

and (2) the order entered on March 15, 2012, granting Hatton's special motion to strike. Bolgar's notice of appeal was timely filed as to both of those orders.

Bolgar's briefs on appeal contain no arguments for the conclusion that the trial court erred by entering the prefiling order or by granting Hatton's special motion to strike. Also, apart from the orders themselves, the record on appeal contains no documents relating to the trial court's decision to enter the orders, so the record is inadequate to demonstrate error and prejudice. In order to prevail on appeal, the appellant must present sufficient argument and legal authority (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368) and a sufficient record (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362) to demonstrate prejudicial error. We consequently must affirm both orders.

DISPOSITION

The prefiling order entered against Bolgar on March 15, 2012, is affirmed. The order entered on March 15, 2012, granting Hatton's special motion to strike is affirmed. Respondents shall recover their costs of appeal.

NOT TO BE PUBLISHED.


                                        ROTHSCHILD, J.
We concur:


         MALLANO, P. J.                 CHANEY, J.


4